NOT FOR PUBLICATION

RECEIVED
JAN 27 2012
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Nathaniel BETHEA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 11-6584
Crim. No. 10-00215

OPINION and ORDER

THOMPSON, U.S.D.J.

    This matter has come before the Court on Petitioner's completion of his application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915 [docket #4], as well as his letter request for the appointment of counsel [5].

    A prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint. *Id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison or institutional facility at which he was or is confined. *Id.*

    Even if the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee. *Id.* § 1915(b)(1). Specifically, the Court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of the average monthly deposits to the prisoner's account; or the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal. *Id.* § 1915(b). Additionally, in each month that

1

the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to the prisoner's account until the $350 filing fee is paid. *Id.* § 1915(b)(2).

Petitioner may not have known when he submitted his Complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the law does not permit the prisoner to get his filing fee back.

In this case, Petitioner has properly submitted an *in forma pauperis* application claiming an entitlement to redress and stating the issues that he intends to present in the action, as well as a signed certification from an authorized officer of the correctional facility where he presently is confined and a six-month institutional account statement. Petitioner's application will be granted. However, based on a review of the Petitioner's account, it appears that he currently has sufficient funds to pay at least a partial filing fee, and the Court will order that he pay such amount.

Petitioner also requests the appointment of counsel. Neither the Supreme Court of the United States nor the United States Court of Appeals for the Third Circuit has found a constitutional right to counsel for litigants in a civil case. *See Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997). A district court, however, "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts are vested with broad discretionary authority to determine whether counsel should be appointed to represent such a

civil pro se plaintiff. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The Third Circuit, however, has indicated that courts should be careful in appointing pro bono counsel because "volunteer lawyer time is a precious commodity [that] should not be wasted on frivolous cases." *Parham*, 126 F.3d at 458. A court should only consider appointing counsel if the plaintiff has not alleged a frivolous or malicious claim. *Id.* at 457. Therefore, as a threshold matter, this Court must first consider the merits of a plaintiff's allegations. *See Tabron*, 6 F.3d at 155 ("Before the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.") (citation omitted).

If a plaintiff's claim has arguable merit, a court will then consider a number of additional factors that bear on the need for appointed counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the plaintiff's ability to pursue such investigation; (4) the likelihood that the case will turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can obtain and afford counsel on his own behalf. *Parham*, 126 F.3d at 457. This list of factors is not exhaustive; it is intended to serve as a guidepost for the district courts.

The Court assumes for purposes of this motion that Petitioner has satisfied the threshold requirement of presenting a meritorious claim. However, the Court finds that a consideration of the *Parham* factors does not warrant appointment of counsel in this case. It does not appear that significant factual investigation or expert testimony will be required in this matter. In addition, the legal issues presented in this case are not so complex that Petitioner will require the assistance of counsel in order to pursue his case effectively. On balance, the record does not support appointing counsel for Petitioner at this time. The Court does note, however, that

Petitioner may renew his request for appointment of counsel at any time during this action. *Tabron*, 6 F.3d at 156.

For the foregoing reasons, IT IS on this 27th day of January, 2012,

ORDERED that Petitioner's application to proceed *in forma pauperis* [docket # 4] is GRANTED; and it is

ORDERED that the Clerk collect as partial payment of court fees $141.18, representing 20% of Plaintiff's six month average daily balance of $705.90; and upon receipt of this payment, it is

ORDERED that the Clerk shall file the Complaint and serve Respondent United States of America; and it is

ORDERED that Respondent submit its response within 45 days of being served; and it is

ORDERED that Plaintiff's letter request for the appointment of counsel is DENIED; and it is

ORDERED that the Clerk shall mail a copy of this Order to Plaintiff.

_____
ANNE E. THOMPSON, U.S.D.J.