NOT FOR PUBLICATION

RECEIVED

JAN 31 '12

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Nathaniel BETHEA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 11-6584
Crim. No. 10-00215

CORRECTED OPINION and ORDER

THOMPSON, U.S.D.J.

    The Court vacates the January 27, 2012 Order directing the partial payment of fees [docket # 6]. No fees are required by the filing of a motion under 28 U.S.C. § 2255, however if a prisoner cannot pay for the costs of such motion (including the costs of transcripts), the prisoner may ask to proceed *in forma pauperis*. A prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay for the costs of this motion. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint. *Id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison or institutional facility at which he was or is confined. *Id.*.

    Petitioner has requested to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915 [4], and has also requested the appointment of counsel [5]. Petitioner has properly submitted an *in forma pauperis* application claiming an entitlement to redress and stating the issues that he intends to present in the action, as well as a signed certification from an authorized officer of the correctional facility where he presently is confined and a six-month institutional account statement. Petitioner's application will be granted. However, Petitioner will not be appointed counsel.

1

Neither the Supreme Court of the United States nor the United States Court of Appeals for the Third Circuit has found a constitutional right to counsel for litigants in a civil case. *See Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997). District courts are vested with broad discretionary authority to determine whether counsel should be appointed to represent such a civil pro se plaintiff. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). On balance, the record does not support appointing counsel for Petitioner at this time. Petitioner appears able to present his case based upon the cogency of argument presented in the Motion and accompanying correspondence. The Court further finds that the denial of pro bono counsel will not create any likelihood that Petitioner will incur substantial prejudice. The Court will continue to assess Petitioner's continued ability to present his case and should the need for counsel arise, it will appoint an attorney *sua sponte*. The Court also notes that Petitioner may renew his request for appointment of counsel at any time during this action. *Tabron*, 6 F.3d at 156.

For the foregoing reasons, IT IS on this 30 day of January, 2012,

ORDERED that the Court's Order directing the partial payment of fees is hereby VACATED [docket # 6]; and it is

ORDERED that Petitioner's application to proceed *in forma pauperis* [4] is GRANTED; and it is

ORDERED that Plaintiff's letter request for the appointment of counsel [5] is DENIED; and it is

ORDERED that Respondent submit its response within 45 days of this Order; and it is further

ORDERED that the Clerk shall mail a copy of this Order to Plaintiff.

ANNE E. THOMPSON, U.S.D.J.